**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3042
_____

BETHRAN MBAGWU,
Appellant

v.

PPA TAXI LIMOUSINE DIVISION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-21-cv-01470)
District Judge:  Honorable Michael M. Baylson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 4, 2024

Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: October 11, 2024)
_____

OPINION*
_____

PER CURIAM

Bethran Mbagwu appeals the District Court's judgment entered against him after a

jury verdict.  For the reasons that follow, we will affirm the District Court's judgment.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

The procedural history of this case and the details of Mbagwu's claim are well known to the parties and need not be discussed at length. Briefly, a taxicab that Mbagwu was driving was ticketed, towed, and impounded. He filed a complaint in the Court of Common Pleas of Philadelphia County against the Philadelphia Parking Authority (PPA). After he filed an amended complaint, the PPA removed the matter to the United States District Court for the Eastern District of Pennsylvania. The District Court granted the PPA's motion to dismiss most of Mbagwu's claims. After discovery, the District Court denied the PPA's motion for summary judgment and allowed Mbagwu to proceed to trial on his claim that his taxi was illegally searched pursuant to a municipal policy. See Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 694 (1978) (holding a municipality may be liable under 42 U.S.C. § 1983 only when injury results from its policy or custom). After a trial, a jury returned a verdict in favor of the PPA, and the District Court entered judgment in the PPA's favor. Mbagwu filed a notice of appeal. We have jurisdiction under 28 U.S.C. § 1291.

On appeal, Mbagwu raises several challenges to the District Court's rulings. First, he challenges the District Court's allowing the PPA to file an amended pretrial memorandum. He appears to contend that this amendment allowed the PPA to call "false witnesses." We review the District Court's admission of the testimony of the witnesses listed in the amended pretrial memorandum for an abuse of discretion. See Quinn v. Consol. Freightways Corp. of Delaware, 283 F.3d 572, 576 (3d Cir. 2002).

One witness challenged by Mbagwu is Officer Matthew Black, who was a taxicab and limousine inspector for the PPA. Black was not listed in the original pretrial

memorandum. He testified that, pursuant to PPA policy, he performed an external safety inspection on the taxi before it was released from impound. He stated that he did not go inside the taxi or search it. Besides labeling the witness as "false," Mbagwu does not explain why allowing the PPA to amend its pretrial memorandum and call this witness was an abuse of the District Court's discretion.

The other purportedly "false" witness, Nycole Macklin, was a manager for the PPA in towing and impoundment. She was listed in the PPA's original pretrial memorandum. Mbagwu appears to believe that because he did not interact with her on the day the taxi was towed, she has no relevant testimony. Macklin, however, testified regarding the PPA's policies which was relevant because Mbagwu was alleging that his taxi was searched pursuant to a municipal policy. The District Court did not abuse its discretion in allowing these witnesses to testify.[1]

Next, Mbagwu complains that the jury did not see his exhibits because they were not shown on a computer screen and were not sent back with the jury. However, he did not move any exhibits into evidence. Nor has he explained how he was prejudiced, i.e., how these exhibits supported his claim that his taxi was searched pursuant to a PPA policy.

Mbagwu also argues that the jury selection was unfair because the court clerk selected only elderly jurors who would not understand that documents could be altered on

---

[1] Mbagwu also seems to argue that Macklin was improperly called as a witness because he sought to sue only the TLD division of the PPA and she does not work for the TLD. Rather, she works in towing and impoundment. Her specific position with the PPA does not undermine the relevancy of her testimony or the PPA's ability to call her as a witness.

3

a computer. He points to no specific juror as excluded for any improper reason and has not provided the transcripts of jury selection. See Fed. R. App. P. 10(b)(1) (noting Appellant's duty to order transcripts he believes are necessary). Nor does he explain how any purportedly altered document prejudiced him.[2] Likewise, while Mbagwu alleges that the transcripts of his deposition and his trial contain errors, he does not explain how the one transcription error he identifies in the trial transcript prejudiced him.

Mbagwu has raised no meritorious challenge to the District Court's rulings.[3] Accordingly, we will affirm the District Court's judgment.

---

[2] The supposedly altered document is a standard form that is sent from the Taxi and Limousine Division (TLD) to the Manager of Towing and Impoundment. The form reflected that the taxi had no TLD violations and could be released. Mbagwu does not point to any alterations to the document. Rather, one copy simply has additional text that appears to have been generated when the document was submitted to another party.

[3] We do not address issues 4 and 5 from Mbagwu's statement of questions because he did not develop them, at least not clearly, in his brief. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (holding that appellants forfeited arguments by failing to develop them in their opening brief). Moreover, whether the PPA is permitted to search a citizen's cell phone or issue a warrant is not at issue on appeal because the jury found that the taxi was not searched and Mbagwu does not point to any "warrants" issued by the PPA.